Lenard E. Schwartzer, Esq.
Nevada Bar No. 0399
Jason A. Imes, Esq.
Nevada Bar No. 7030
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, NV 89146
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

*Attorneys for William A. Leonard, Jr., Trustee*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. BK-S- 13-20495-mkn |
| --- | --- |
| DANIEL GEORGE JOHN TARKANIAN and AMY MICHELLE TARKANIAN, | Chapter 7 |
| Debtors. | MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH TARKANIAN BASKETBALL ACADEMY, INC. (Fed.R.Bankr.P. 9019) |
| | Hearing Date: February 19, 2015<br>Hearing Time: 11:00 a.m. |

William A. Leonard, Chapter 7 Trustee (the "Trustee"), by and through his counsel, Schwartzer & McPherson Law Firm, hereby files this *Motion for Approval of Settlement Agreement with Tarkanian Basketball Academy, Inc.* (the "Motion") seeking approval of the Trustee's proposed settlement agreement (the "Agreement") with Tarkanian Basketball Academy, Inc., ("TBAI") to resolve the Trustee's claim against TBAI in exchange for payment in the sum of $16,554.00. A copy of the proposed Agreement is attached to this Motion as **Exhibit "1."**

This Motion is brought pursuant to Fed.R.Bank.P. 9019, the papers and pleadings filed herein, and the *Declaration of William A. Leonard* filed concurrently with this Motion.

# FACTUAL BACKGROUND

1. Debtors Daniel George John Tarkanian and Amy Michelle Tarkanian (the "Debtors") filed for relief pursuant to Chapter 7 of the Bankruptcy Code on December 19, 2013 (the "Petition Date"), and the Trustee is the duly appointed Chapter 7 Trustee for the estate.

2. The Debtors testified that the assets of their bankruptcy estate include an account receivable owed by TBAI to them in the sum of $16,554.00 (the "Account Receivable"). This asset is reflected in Debtors' amended Schedule B [Dkt. #170]. The relevant portion of Debtors' amended Schedule B is attached for reference as **Exhibit "2."**

3. The Trustee has demanded payment from TBAI of the Account Receivable, and reserved the right to pursue additional claims against TBAI. (*See* Leonard Declaration.)

4. TBAI has offered to voluntarily pay the Trustee the full sum of $16,554.00 without additional litigation, but TBAI asserts that no other amounts are owed by TBAI to the bankruptcy estate and therefore insists on a formal release by the Trustee of any other claims against TBAI.

5. The Trustee has not identified any other claims against TBAI, and has therefore concluded that accepting full payment of the Account Receivable without any additional litigation in exchange for a release of any additional claims against TBAI pursuant to the terms set forth in the Agreement (attached as **Exhibit "1"**) is in the best interest of the estate and creditors. (*See* Leonard Declaration.)

# MEMORANDUM OF LAW

## I.   **Approval of the Settlement.**

### A.   Standard for Approval of Settlement Agreement

Fed.R.Bankr. P. 9019(a) provides that, after notice and a hearing, a Court may approve a Trustee's proposed settlement of a claim. Whether a compromise should be accepted or rejected lies within the sound discretion of the Court. In re Carson, 82 B.R. 847 (Bankr. S.D. Ohio 1987); In re Ericson, 6 B.R. 1002 (D. Minn. 1980); Knowles v. Putterbaugh (In re Hallet), 33 B.R. 564

SCHWARTZER & MCPHERSON LAW FIRM
2850 S. Jones Blvd., Suite 1
Las Vegas, Nevada 89146
Tel: (702) 228-7590 · Fax: (702) 892-0122

(Bankr. D. Me. 1983); In re Mobile Air Drilling Co., Inc., 53 B.R. 605 (Bankr. N.D. Ohio 1985); In re Hydronic Enterprise, Inc., 58 B.R. 363 (Bankr. D. R.I. 1986).

The Ninth Circuit in Martin v. Kane (In re A & C Properties), 784 F.2d 1377, 1381 (9th Cir. 1986), cert. denied, 479 U.S. 854 (1986) has stated:

> In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

Id. (quoting In re Flight Transportation Corp. Securities Litigation, 730 F.2d 1128, 1135 (8th Cir. 1984)(citations omitted), cert. denied, 105 S.Ct. 1169 (1985)).

Notably, a court should refrain from substituting its own judgment for the judgment of the party charged with operation and maintenance of the estate. In re Carla Leather, Inc., 44 B.R. at 465. As the Second Circuit has stated, in reviewing a proposed settlement a court should not "decide the numerous questions of law and fact . . . but rather canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." In re W.T. Grant & Co., 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 822 (1983). A "mini-trial" on the merits of the underlying cause of action is not required and should not be undertaken by the bankruptcy court. In re Blair, 538 F.2d 849 (9th Cir. 1976); In re Walsh Construction, Inc., 669 F.2d 1325 (9th Cir. 1982).

B.   Consideration of Factors per A & C Properties in this Particular Case

TBAI has offered to pay 100% of the Account Receivable ($16,554.00) claim in exchange for a release of any other claims by the Trustee. After extensive investigation, the Trustee has not identified any other claims against TBAI and therefore has concluded that the expense of litigating this claim would not result in a higher net recovery for the estate and creditors than the proposed Agreement.

The Trustee has considered the terms of the Agreement and the underlying claims and concluded in his business judgment pursuant to the elements suggested by <u>A & C Properties</u> that the proposed Settlement will result in the highest net benefit to the estate for this claim and therefore satisfies the paramount interest of creditors. (*See* Leonard Declaration.)

### CONCLUSION

Based upon the foregoing, the Trustee requests authorization to settle and release all claim against Tarkanian Basketball Academy, Inc., in exchange for payment in the sum of $16,554.00 pursuant to the terms set forth with more particularity in the Agreement attached this Motion as **Exhibit "1."**

A proposed form of order is attached to this Motion as **Exhibit "3."**

DATED: January 14, 2015.

Lenard E. Schwartzer, Esq.
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, NV 89146
*Counsel for William A. Leonard, Ch.7 Trustee*

# EXHIBIT "1"

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made as of the date set forth below by and between WILLIAM A. LEONARD (the "Trustee"), Chapter 7 Trustee for the bankruptcy estate of Daniel and Amy Tarkanian (Case No. BK-S- 13-20495-MKN), and the TARKANIAN BASKETBALL ACADEMY, INC., a Nevada nonprofit corporation ("TBAI" and together with the Trustee, the "Parties" or each a "Party").

## RECITALS

A. Debtors Daniel George John Tarkanian and Amy Michelle Tarkanian (the "Debtors") filed for relief pursuant to Chapter 7 of the Bankruptcy Code on December 19, 2013 (the "Petition Date"), and the Trustee is the duly appointed Chapter 7 Trustee for the estate.

B. The Debtors testified that the assets of their bankruptcy estate include an account receivable owed by TBAI to them in the sum of $16,554.00 (the "Account Receivable").

C. The Trustee has demanded payment from TBAI of the Account Receivable, and reserved the right to pursue additional claims against TBAI.

D. TBAI has offered to voluntarily pay the Trustee the sum of $16,554.00 without additional litigation, but TBAI asserts that no other amounts are owed by TBAI to the bankruptcy estate.

E. The Trustee has not identified any other claims against TBAI, and has therefore concluded that accepting full payment of the Account Receivable without any additional litigation in exchange for a release of any additional claims against TBAI is in the best interest of the estate and creditors.

## AGREEMENT

NOW, THEREFORE, in consideration of the following terms, covenants, and conditions set forth herein, the Parties agree as follows:

1. The Parties hereby agree that the Trustee will accept payment from TBAI in the sum of **$16,544.00** (the "Settlement Payment") in full and complete satisfaction and release of any and all claims the Trustee has or may have against TBAI, whether related to the Account Receivable or otherwise.

2. The Settlement Payment shall be by check payable to *William A. Leonard, Chapter 7 Trustee*, and it shall be delivered to Trustee's counsel at Schwartzer & McPherson Law Firm, 2850 S. Jones Blvd., #1, Las Vegas, NV 89146, no later than ten (10) business days after entry of the Settlement Order (as hereinafter defined).

3. After entry of the Settlement Order, and confirmation of receipt of the same in readily available funds by the Trustee, the Parties and their representatives and successors in interest mutually release, acquit and forever discharge each other of and from any and all claims, demands, losses, actions, interest, expenses, attorneys' fees, liabilities, indemnities, duties and obligations and causes of action of any kind and nature whatsoever, whether known or unknown, suspected or unsuspected, fixed or contingent, whether at law, statutory or in equity, including but not limited to those arising from or in any way related to the Trustee's claims against TBAI, the Account Receivable, and/or the Debtors' bankruptcy case with the exception of the terms, obligations and agreements set forth in this Agreement. Any proof of claim asserted against the Debtors' bankruptcy estate by TBAI is waived and released by this Agreement.

4. This Agreement contains the entire agreement between the Parties relating to the subject matter hereof and thereof, and supersedes all prior discussions, negotiations,

correspondence, and drafts pertaining to the matters set forth herein and therein. Any subsequent modifications shall be effective only if they are in writing signed by the Party to be charged.

5. Each Party shall be responsible for its own costs, expenses and attorneys' fees.

6. Within ten (10) business days of the receipt of TBAI's signature on this Agreement, the Trustee agrees to make the necessary application to secure Bankruptcy Court approval of this Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, including the entry of an order approving it as fair and equitable (the "Settlement Order"), and shall use his commercially reasonable best efforts to obtain approval thereof. In the event that this Agreement is not approved by the Bankruptcy Court, this Agreement shall be deemed null and void.

7. In the event that this Agreement shall be deemed null and void pursuant to Paragraph 6 hereof, the Parties' agreement to settle their claims, and any other claims and disputes between the Parties, shall not be allowed or permitted to be used against any of the Parties in any litigation regarding such claims or disputes.

8. This Agreement is a compromise of disputed claims and does not constitute, and shall not be construed as, an admission of liability by either Party with respect to any of the issues resolved hereby.

9. All Parties warrant that they have had advice of counsel of their own choosing in negotiating and executing this Agreement, that such counsel has fully explained both the content and legal effect of this Agreement, and that the Parties have mutually drafted this Agreement.

10. Disputes regarding interpretation and/or enforcement of the terms of this Agreement shall be adjudicated by the United States Bankruptcy Court for the District of Nevada, or if that Court fails or refuses to take jurisdiction, in the applicable state or federal

courts having jurisdiction in Las Vegas, Nevada.

11. In the event any Party undertakes any action to enforce the terms of this Agreement, the prevailing Party shall be entitled to recover reasonable attorney's fees and costs incurred in the enforcement of this Agreement.

12. The person who executes this Agreement on behalf of each Party represents and warrants that they are authorized to execute and deliver this Agreement on behalf of such Party.

13. This Agreement may be executed by facsimile or scanned and e-mailed signatures and may be executed in two or more counterparts, all of which shall, upon execution and delivery of identical counterparts by all Parties, constitute a single agreement.

14. Time is of the essence with respect to all obligations, deliveries and payments under this Agreement.

DATED _____, 2014

**CHAPTER 7 TRUSTEE**

_____
William A. Leonard, Chapter 7 Trustee

DATED December 19, 2014

**TARKANIAN BASKETBALL ACADEMY, INC.,**
a Nevada nonprofit corporation

By: _Danny Tarkanian_
Title: President

# EXHIBIT "2"

6/11/14 3:07PM

B6B (Official Form 6B) (12/07) - Cont.

In re  **Daniel George John Tarkanian,**  Case No. __**13-20495**__
       **Amy Michelle Tarkanian**
       _____,
                              Debtors

# SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | Receivable owing to Daniel Tarkanian from Tark, LLC | H | 12,217.93 |
| | | Receivable owing to Daniel Tarkanian from Tarkanian Basketball Academy. | H | 16,554.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

                                          Sub-Total >     **28,771.93**
                                          (Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

# EXHIBIT "3"

Lenard E. Schwartzer, Esq.
Nevada Bar No. 0399
Jason A. Imes, Esq.
Nevada Bar No. 7030
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, NV  89146
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

*Attorneys for William A. Leonard, Jr., Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**DANIEL GEORGE JOHN TARKANIAN and AMY MICHELLE TARKANIAN,**<br><br>Debtors. | Case No. BK-S- 13-20495-mkn<br>Chapter  7<br><br>**[PROPOSED]  ORDER GRANTING MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT WITH TARKANIAN BASKETBALL ACADEMY, INC. (Fed.R.Bankr.P. 9019)**<br><br>Hearing Date:  February 19, 2015<br>Hearing Time: 11:00 a.m. |

The Trustee's *Motion for Approval of Settlement Agreement with Tarkanian Basketball Academy, Inc.* (the "Motion") [Dkt. # ___ ] having come before this Court on the 22nd day of January, 2015;  William A. Leonard, Chapter 7 Trustee (the "Trustee"), appearing by and through his counsel, Jason A. Imes, Esq. of the Schwartzer & McPherson Law Firm;  other parties and/or their counsel appearing as noted on the record;  the Court finding that notice was given to all

parties in interest as required and there being no opposition; the Court having reviewed the Motion, having made its findings of fact and conclusions of law upon the record which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and for good cause appearing,

**IT IS HEREBY ORDERED** that the Trustee's Motion is GRANTED and the Trustee is authorized to settle and release his claims against the TARKANIAN BASKETBALL ACADEMY, INC., in exchange for payment in the sum of **$16,554.00** pursuant to the terms set forth with more particularity in the Settlement Agreement and Mutual Release attached to this Order as **Exhibit "1."**

**IT IS SO ORDERED.**

Submitted by:

_____
Lenard E. Schwartzer, Esq.
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV  89146
*Attorneys for William A. Leonard, Trustee*

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___  The court has waived the requirement of approval under LR 9021(b)(1).

___  No party appeared at the hearing or filed an objection to the motion.

___  I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

___  I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

_____
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm