Lenard E. Schwartzer, Esq.
Nevada Bar No. 0399
Jason A. Imes, Esq.
Nevada Bar No. 7030
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, NV 89146
Telephone: (702) 228-7590
Facsimile: (702) 892-0122
E-Mail: bkfilings@s-mlaw.com

*Attorneys for William A. Leonard, Jr., Trustee*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**DANIEL GEORGE JOHN TARKANIAN<br>and AMY MICHELLE TARKANIAN,**<br><br>Debtors. | Case No. BK-S-13-20495-mkn<br>Chapter 7<br><br>**MOTION FOR APPROVAL OF SALE<br>OF MEMBERSHIP INTERESTS FREE AND<br>CLEAR OF ANY LIENS, CLAIMS AND<br>ENCUMBRANCES<br>(11 U.S.C. §§ 363(b)(1) and 363(f))**<br><br>Hearing Date: February 19, 2015<br>Hearing Time: 11:00 a.m. |

William A. Leonard, Chapter 7 Trustee (the "Trustee"), by and through his counsel, Schwartzer & McPherson Law Firm, hereby files this *Motion for Approval of Sale of Membership Interests Free and Clear of any Liens, Claims and Encumbrances* (the "Motion") seeking authorization pursuant to 11 U.S.C. §§ 363(b)(1) and 363(f) to sell all of the bankruptcy estate's right, title, and interest in and to the following membership interests in two limited liability companies back to the Debtors, or such higher and better offer as made be had at or prior to the hearing on the Motion, free and clear of any liens, claims and encumbrances for the sum of Ten Thousand Dollars ($10,000), as-is, where-is, without warranty, and with full payment due no later than ten (10) days following entry of an order of this Court approving said sale:

| | |
|---|---|
| **JAMD, LLC** | **6.3%** |
| **TARK, LLC** | **10.0%** |

This Motion is brought pursuant to 11 U.S.C. §§ 363 and 704(a)(1), Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)"), the papers and pleadings filed herein, judicial notice of which is respectfully requested, the *Declaration of William A. Leonard* (the "Leonard Declaration") filed concurrently with this Motion, and any arguments of counsel made at the time of the hearing on this matter.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to LR 9014.1, the Trustee consents to the Court entering final orders and judgments as to the matters herein.

## FACTUAL BACKGROUND

1. Debtors Daniel George John Tarkanian and Amy Michelle Tarkanian (the "Debtors") filed for relief pursuant to Chapter 7 of the Bankruptcy Code on December 19, 2013 (the "Petition Date"), and the Trustee is the duly appointed Chapter 7 Trustee for the estate.

2. The Trustee has determined that the assets of the bankruptcy estate include the Debtors' partial ownership interests in the following limited liability companies (the "LLC Interests"):

| | |
|---|---|
| **JAMD, LLC** | **6.3%** |
| **TARK, LLC** | **10.0%** |

See Debtors' Schedule B, part 13, attached as **Exhibit "1."**

3. JAMD, LLC, is a Nevada limited liability company and its primary business is the ownership and operation of commercial real estate (the Tarkanian Professional Center) located 7220/7260 South Cimarron Road in Las Vegas, Nevada. JAMD, LLC, has defaulted on its obligations to Nevada State Bank pursuant to a series of promissory notes secured by the real property. The lender is now managing income and expenses but the debt encumbering the property far exceeds its current market value and the rental income is insufficient to cure the default and satisfy operational expenses.

4. TARK, LLC, is a Nevada limited liability company and its primary business is the ownership and operation of commercial real estate (Blackhorse Center) located in Clovis, California. The 2013 tax return for this entity indicates a net income of approximately $50,000.

5. The Debtors have offered to buy back these minority LLC Interests from the Trustee free and clear of any liens and encumbrances for the sum of Ten Thousand Dollars ($10,000) as-is, where-is, without warranty, and subject to overbid, with full payment due no later than ten (10) days following entry of an order of this Court approving said sale.

6. The Debtors have represented that the purchase funds are not from estate property.

7. The Trustee has reviewed the financial materials provided for these entities to determine the marketability of these two ownership interests. Based on his review of financials, Debtors' testimony, and evaluation of the relative value of the two minority interests, the Trustee has determined that these ownership interests do not provide substantial voting or operating control within the companies. While Daniel Tarkanian appears to exert substantial control over both companies, this is apparently based on the agreement of the other owners (essentially his family) rather than his minor ownership interests. The Trustee has concluded these LLC Interests generate little or no independent income and would not have substantial value to third parties. (See Leonard Declaration.)

8. The Trustee is aware that creditor, Federal Deposit Insurance Corporation, as Receiver for La Jolla Bank, FSB ("FDIC-R") may assert a pre-petition judgment lien against Debtors' assets in excess of $16,000,000 (see FDIC-R's Proof of Claim No. 2). The cover page to the FDIC-R's filed proof of claim, however, states that the entire amount owing is an unsecured claim. Additionally, the Trustee is not aware of any legal action commenced by the FDIC-R to charge the Debtors' LLC Interests pursuant to NRS § 86.401. Regardless, the FDIC-R has agreed to subordinate whatever secured claim it has to the estate's administrative claims and to share any estate distribution pro-rata with other general unsecured creditors. See *Stipulation for Subordination of FDIC-R's Lien Claim to Trustee's Administrative Expenses* [Dkt. #247].

9. The Trustee is not aware of any other potential encumbrances or liens against the LLC Interests. (See Leonard Declaration.)

10. The Trustee has therefore concluded that the proposed sale for $10,000 (or such higher and better offer) will result in a higher net benefit for the estate and creditors than attempting to market and sell the estate's LLC Interests to third parties. (See Leonard Declaration.)

11. The Trustee has determined that accepting overbids (on the same terms and conditions except for price) in $1,000 increments is appropriate up to and at the time of the hearing on this Motion. In the event any party intends to overbid, the Trustee proposes that said auction be conducted in open court and under the supervision of the Bankruptcy Court at the hearing on this Motion, and that the second highest bidder be designated as the backup bidder.

12. The Trustee has not agreed to any expense reimbursement, break-up fees, "topping," termination or similar fee or payment in connection with this proposed sale.

## MEMORANDUM OF LAW

**A.   Sale of Asset Free and Clear of Liens, Claims and Encumbrances by Trustee**

Pursuant to 11 U.S.C. § 704(1), a trustee "shall collect and reduce to money the property of the estate for which such trustee serves. . ." In principle, a trustee should liquidate estate assets only if the estate will benefit from the liquidation. A debtor or trustee's application of its sound business judgment in the use, sale, or lease of property is subject to great judicial deference. See Simantob v. Claims Prosecutor, LLC (In re Lahijani), 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005); In re Canyon P'ship, 55 B.R. 520, 524 (Bankr. S.D. Cal. 1985). In so doing, the trustee should select the method of liquidation that is most beneficial to the estate. Yadkin Valley Bank & Trust Co. v. Northwestern Bank (In re Hutchinson), 132 B.R. 827, 831 (Bankr. M.D.N.C. 1991).

Pursuant to 11 U.S.C. § 363(b)(1) the trustee may sell, other than in the ordinary course of business, property of the estate. Fed. R. Bankr. P. 6004(f) governs the conduct of a sale not in the ordinary course of business. A proposed use or sale of property pursuant to section 363(b) is appropriate if "some articulated business justification" exists for the transaction. See 240 North Brand Partners, Ltd. v. Colony GFP Partners (In re 240 North Brand Partners, Ltd.), 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996); Walter v. Sunwest Bank (In re Walter), 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988). Bankruptcy Rule 6004(f)(1) provides that "all sales not in the ordinary course of

business may be by private sale or by public auction."

Pursuant to section 363(f) of the Bankruptcy Code a trustee may sell property under 363(b) free and clear of liens and encumbrances only if:

> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). Section 363(f) is written in the disjunctive so satisfaction of any one of the five conditions is sufficient for sale of property free and clear of liens. See, e.g., Citicorp Homeowners Services, Inc. v. Elliot (In re Elliot), 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988); Mutual Life Ins. Co. of New York v. Red Oak Farms, Inc. (In re Red Oak Farms, Inc.), 36 B.R. 856, 858 (Bankr. W.D. Mo. 1984).

To the extent there are any allowable secured claims in and to the assets proposed to be sold, Section 363(f)(2) permits a sale free and clear of liens, claims and interest if the entity asserting the lien consents. If no secured lender or other alleged secured creditor or lien holder receiving notice files a written objection to this Motion, such parties should be deemed to have consented to the sale of the Property. See In re Metropolitan Mortgage & Secs. Co., 2007 WL 2277573 at *4 (Bankr. E.D. Wash 2007); In re Congoleum Corp., 2007 WL 142844 at *1 (Bankr. D.N.J. 2007); Citicorp Homeowners Servs., Inv. v. Elliot (In re Elliot), 94 B.R. 345 (E.D. Pa. 1988).

Alternatively, pursuant to Section 363(f)(4), if a lien is subject to a bona fide dispute, the sale can be authorized free and clear of such disputed lien. See In re Bedford Square Assocs., LP, 247 B.R. 140, 144-45 (Bankr. E.D. Pa. 2000); In re Octagon Roofing, 123 B.R. 583 (Bankr. N.D.

Ill. 1991). A bankruptcy court need only determine whether there is an objective basis for either a factual or a legal dispute as to the validity of debt, but need not determine the outcome of any dispute, only its presence or absence. See In re Vortex Fishing Sys., Inc., 277 F.3d 1057, 1064 (9th Cir. 2002); Austein v. Schwartz (In re Gerwer), 898 F.2d 730, 733 (9th Cir. 1990).

As noted above, the Trustee is only aware of the apparent judgment lien asserted by the FDIC-R against Debtors' assets and the FDIC-R has consented to the Trustee's liquidation of this asset and has agreed to subordinate its secured claim. In the alternative, the FDIC-R's lien may be in bona fide dispute because its filed Proof of Claim asserts only an unsecured rather than a secured claim, and/or may be in dispute because the FDIC-R has not obtained a charging order on the LLC Interests and thus lacks a proper perfected security interest therein. See, e.g., Weddell v. H20, Inc., 271 P.3d 743 (Nev. 2012). The Trustee is not aware of any other secured and properly perfected liens encumbering the LLC Interests.

**B.     Proposed Buyback is in Good Faith and for Sufficient Value**

"[W]hen a bankruptcy court authorizes a sale of assets pursuant to § 363(b)(1), it is required to make a finding with respect to the 'good faith' of the purchaser." In re Abbotts Diaries, Inc., 788 F.2d 143, 149-50 (3d Cir. 1986). See also In re 240 North Brand Partners, Ltd., 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996) (citing In re Wilde Horse Enters., Inc., 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991)). "'Good faith' encompasses fair value, and further speaks to the integrity of the transaction. Typical 'bad faith' or misconduct would include collusion between the seller and buyer, or any attempt to take unfair advantage of other potential purchasers." Id. (quoting Wilde Horse Enters., Inc., 136 B.R. at 842); see also Ewell v. Diebert (In re Ewell), 958 F.2d 276, 280 (9th Cir. 1992); Community Thrift & Loan v. Suchy (In re Suchy), 786 F.2d 900, 902 (9th Cir. 1985) ("Typically, lack of good faith is shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.").

The purpose of such a finding is to facilitate the operation of 11 U.S.C. § 363(m), which provides a safe harbor for purchasers of a debtor's property when the purchase is made in "good faith." Specifically, Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this Section of a sale or lease of property does not affect the validity of the sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m); see Ewell v. Diebert (In re Ewell), 958 F.2d 276, 280 (9th Cir. 1992); Irvin v. Lincoln Heritage Life Ins. Co. (In re Irvin), 950 F.2d 1318, 1323 (7th Cir. 1991). This provision serves the important purposes both of encouraging good faith transactions and of preserving the finality of the bankruptcy court's orders unless stayed pending appeal. In re Abbotts Dairies, Inc., 788 F.2d at 147; Hoese Corp. v. Vetter, 724 F.2d 52, 55 (7th Cir. 1992).

In this case, the Debtors are entitled to the safe harbor provided by Section 363(m). The Trustee believes that the negotiations have been conducted at arms' length and in good faith, and the Trustee is not aware of any side agreements, arrangements, or understandings. While the Debtors are interested parties or "insiders" as defined in Section 101(31) of the Bankruptcy Code, all of the consideration to be paid by Debtors (from non-estate property) is disclosed herein and all terms of the buyback agreement are being disclosed to all creditors and interested parties. Likewise, the Trustee recommends accepting any higher bid that may be received for the purchase of these LLC membership interests, and thus the offer has been tested by the market in an open process.

After consideration of the net liquidation potential for the estate's interests in these minority interests, the Trustee has concluded that the proposed buyback agreement will result in a higher net benefit for the estate than attempting to market and sell the estate's LLC Interests to third parties. (See *Leonard Declaration*.)

C.    **Relief from Bankruptcy Rule 6004 is Warranted.**

Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The Trustee submits that a waiver of the stay under Bankruptcy Rule 6004(h) is appropriate and justified in the case at hand due to the lack of any objection, and what the Debtors' assert is their need to timely consummate the sale as requested by

Debtors due to the issues facing the underlying entities in which the LLC Interests are members, and due to other matters the Debtors may have with the FDIC-R. As such, the stay of the effectiveness of the order approving this Motion should be waived, thereby allowing the Trustee to consummate the sale of the LLC Interests as expeditiously as possible.

## CONCLUSION

Based upon the foregoing, the Trustee requests an order:

1. Authorizing the Trustee pursuant to 11 U.S.C. §§ 363(b)(1) and 363(f) to sell the bankruptcy estate's interest in the following minority limited liability company membership interests free and clear of liens and encumbrances back to the Debtors for the sum of Ten Thousand Dollars ($10,000):

| | |
|---|---|
| JAMD, LLC | 6.3% |
| TARK, LLC | 10.0% |

and that these interests shall be sold as-is, where-is, without warranty, and subject to overbid, with full payment due no later than ten (10) days following entry of an order of this Court approving said sale;

2. That if any lien, claim, encumbrances, or interest is subsequently alleged to be perfected against this asset that said lien, claim or encumbrance be transferred to the proceeds of the sale pending further order of this Court;

3. That the Debtors are deemed "good faith" purchasers in this transaction and are entitled to the protections set forth under 11 U.S.C. § 363(m);

4. Granting relief from the stay of the effectiveness of the order approving the Motion, thereby providing that it is effective immediately upon its entry; and

. . .

. . .

. . .

5. Authorizing the Trustee to execute any documents reasonably necessary to effectuate this sale.

A proposed form of order is attached to this Motion as **Exhibit "2."**

DATED: January 14, 2015.

Lenard E. Schwartzer, Esq.
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas, NV 89146
*Counsel for William A. Leonard, Ch.7 Trustee*

# EXHIBIT "1"

6/11/14 3:07PM

B6B (Official Form 6B) (12/07) - Cont.

In re  **Daniel George John Tarkanian,**  Case No. __13-20495__
       **Amy Michelle Tarkanian**
                                    Debtors

## SCHEDULE B - PERSONAL PROPERTY - AMENDED
(Continuation Sheet)

| Type of Property | NONE | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | | Childrens Interest in Education Fund, John Hancock Freedom 529 | C | 66,768.00 |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Scottrade Roth IRA (Danny) | H | 78,478.06 |
| | | Invesco Roth IRA | H | 46,113.94 |
| | | Invesco Roth IRA | W | 45,628.14 |
| | | Invesco SEP IRA | C | 220,989.78 |
| | | American Fund IRA | H | 173,166.13 |
| | | American Funds IRA | W | 9,792.67 |
| | | Scottrade Roth IRA (Amy) | W | 10,691.05 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | SITO stock- 5000 shares at Tarkanian Basketball Academy Office | C | Unknown |
| | | JAMD, LLC (6.3% ownership) | C | 0.00 |
| | | Tark, LLC (10% ownership) | C | Unknown |
| | | TPC 2 & 6, LLC | C | 0.00 |
| | | TPC 4, LLC | C | 0.00 |
| | | TPC 2 & 6 Member 1, LLC | C | 0.00 |
| | | TPC 2 & 6 Member 2, LLC | C | 0.00 |
| | | TPC Property Manager, LLC | C | 0.00 |
| | | TPC Manager, LLC | C | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |

Sub-Total >     651,627.77
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**EXHIBIT "2"**

Lenard E. Schwartzer, Esq.
Nevada Bar No. 0399
Jason A. Imes, Esq.
Nevada Bar No. 7030
Schwartzer & McPherson Law Firm
2850 S. Jones Blvd., Suite 1
Las Vegas, NV  89146
Telephone:  (702) 228-7590
Facsimile:  (702) 892-0122
E-Mail:  bkfilings@s-mlaw.com

*Attorneys for William A. Leonard, Jr., Trustee*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re:<br><br>**DANIEL GEORGE JOHN TARKANIAN and AMY MICHELLE TARKANIAN,**<br><br>Debtors. | Case No. BK-S- 13-20495-mkn<br>Chapter  7<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR APPROVAL OF SALE OF MEMBERSHIP INTERESTS FREE AND CLEAR OF ANY LIENS, CLAIMS AND ENCUMBRANCES**<br>**(11 U.S.C. §§ 363(b)(1) and 363(f))**<br><br>Hearing Date:  February 19, 2015<br>Hearing Time:  11:00 a.m. |

The Trustee's *Motion for Approval of Sale of Membership Interests Free and Clear of any Liens, Claims and Encumbrances* (the "Motion") [Dkt. # ___ ] having come before this Court on February 19, 2015;  William A. Leonard, Chapter 7 Trustee (the "Trustee"), appearing by and through his counsel, Jason A. Imes, Esq. of the Schwartzer & McPherson Law Firm;  other parties and/or their counsel appearing as noted on the record;  the Court finding that notice was given to

all parties in interest as required and there being no opposition; the Court having reviewed the Motion, having made its findings of fact and conclusions of law upon the record which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, considered any higher bids, and for good cause appearing,

**IT IS HEREBY ORDERED:**

1. The Trustee's Motion is GRANTED and the sale contemplated thereby is approved in its entirety. Any objections that have not been withdrawn, waived or settled, or not otherwise resolved pursuant to the terms hereof, if any, are hereby denied and overruled on the merits with prejudice.

2. The Trustee is authorized and empowered pursuant to 11 U.S.C. §§ 363(b)(1) and 363(f) to sell and transfer all of the bankruptcy estate's right, title and interest in and to the following minority limited liability company membership interests (collectively, the "LLC Interests") free and clear of any and all liens, claims and encumbrances back to the Debtors for the sum of Ten Thousand Dollars ($10,000):

| | |
|---|---|
| **JAMD, LLC** | **6.3%** |
| **TARK, LLC** | **10.0%** |

and that these interests shall be sold as-is, where-is, without warranty, with full payment due no later than ten (10) days following entry of this Order;

3. Any lien, claim, or encumbrance that is or may be alleged to be secured and properly perfected in or to the LLC Interests shall be transferred to the proceeds of this sale pending further order of this Court, and subject to any claims and defenses the Trustee, the Debtors and/or their bankruptcy estates may possess with respect thereto;

4. Upon entry of this Order, all persons and entities holding liens, claims, encumbrances or interests in all or any portion of the LLC Interests are forever barred, estopped and permanently enjoined from asserting against the Debtors or their successors or assigns, any liens or claims in and to the LLC Interests;

5. This Order shall be binding in all respects upon the Trustee, the Debtors, their estates, all creditors of the Debtors, all holders of any claim(s), whether known or unknown,

1  against Debtors, and any holders of liens or claims against or on all or any portion of the LLC
2  Interests;

3        6.    A certified copy of this Order may be filed with the appropriate clerk and/or
4  recorded with the recorder to act to cancel any of the liens, claims and other encumbrances of
5  record;

6        7.    This Order is and shall be sole and sufficient evidence of the transfer of title of the
7  LLC Interests to the Debtors, and the sale transaction consummated pursuant to this Order shall be
8  binding upon and govern the acts of all persons and entities, including, without limitation, all
9  filing agents and officers, title agents, title companies, recorders of mortgages and deeds,
10 secretaries of state, federal and local officials, and all other persons and entities who may be
11 required by operation of law, the duties of their office, or contract, to accept, file, register or
12 otherwise record or release any documents or instruments; and each of the foregoing persons and
13 entities is hereby directed to accept this Order as sole and sufficient evidence of such transfer of
14 title and shall rely upon this Order in consummating the transactions contemplated hereby;

15       8.    The provisions of this Order authorizing the sale of the LLC Interests free and clear
16 of any and all liens claims and encumbrances to the Debtors shall be self-executing, and neither
17 the Trustee, nor the Debtors shall be required to execute or file releases, termination statements,
18 assignments, consents or other instruments to effectuate, consummate and implement the sale and
19 transfers of the LLC interests to the Debtors and the provisions of this Order;

20       9.    The Trustee is authorized to execute any documents reasonably necessary to
21 effectuate this sale;

22       10.    The sale transaction contemplated by the Motion is undertaken by the parties
23 without collusion and in good faith, as that term is defined in 11 U.S.C. § 363(m), and
24 accordingly, the reversal or modification on appeal of the authorization provided herein to
25 consummate the sale shall not affect the validity of the sale unless such authorization and such sale
26 are duly stayed pending such appeal; the Debtors are "good faith buyers" within the meaning of
27 that statute and, as such, are entitled to the full protections thereof;
28

11. Notwithstanding the provisions of Bankruptcy Rule 6004, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in such rules is hereby expressly waived and shall not apply. Time is of the essence in approving the sale, and the Trustee and the Debtors intend to, and are authorized to, close the sale as soon as practicable; and

12. The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the sale and this Order.

**IT IS SO ORDERED.**

Submitted by:

Lenard E. Schwartzer, Esq.
Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm
2850 South Jones Blvd., Suite 1
Las Vegas NV 89146
*Attorneys for William A. Leonard, Trustee*

APPROVED / DISAPPROVED:

Zachariah Larson, Esq. (NV Bar No. 7787)
Matthew C. Zirzow, Esq. (NV Bar No. 7222)
Larson & Zirzow, LLC
810 S. Casino Center Blvd. # 101
Las Vegas, Nevada 89101
*Attorneys for Debtors*

In accordance with LR 9021, counsel submitting this document certifies as follows (check one):

___ The court has waived the requirement of approval under LR 9021(b)(1).

___ No party appeared at the hearing or filed an objection to the motion.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

___ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Jason A. Imes, Esq.
Schwartzer & McPherson Law Firm