
Honorable Mike K. Nakagawa
United States Bankruptcy Judge



Entered on Docket
March 30, 2015
_____

LARSON & ZIRZOW, LLC
ZACHARIAH LARSON, ESQ.
Nevada Bar No. 7787
E-mail: zlarson@lzlawnv.com
MATTHEW C. ZIRZOW, ESQ.
Nevada Bar No. 7222
E-mail: mzirzow@lzlawnv.com
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170
Fax: (702) 382-1169
Attorneys for Defendants

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>DANIEL GEORGE JOHN TARKANIAN and AMY MICHELLE TARKANIAN,<br><br>Debtors. | Case No.: BK-S-13-20495-MKN<br>Chapter 7 |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR LA JOLLA BANK, FSB,<br><br>Plaintiff,<br>v.<br><br>DANIEL GEROGE JOHN TARKANIAN and AMY MICHELLE TARKANIAN,<br><br>Defendants. | Adversary No.: 14-1104-MKN<br><br>**ORDER GRANTING MOTION TO APPROVE SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019 AND TO DISMISS ALL CLAIMS ASSERTED PURSUANT TO 11 U.S.C. §§ 523 AND 727**<br><br>Date:   March 25, 2015<br>Time:   9:30 a.m. |

1

Order Granting Motion to Approve Settlement Agreement - FINAL v 4

Daniel and Amy Tarkanian (collectively, the "Debtors"), by and through their counsel, the law firm of Larson & Zirzow, LLC, having filed their *Motion to Approve Settlement Pursuant to Bankruptcy Rule 9019 and to Dismiss All Claims Asserted Pursuant to 11 U.S.C. §§ 523 and 727* (the "Motion") [ECF No. 274][1]; the Court having reviewed and considered the Motion, the limited opposition, the reply, and having heard arguments of counsel; the Court having placed its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure; the Court having found and determined that the Settlement Agreement is fair and equitable and in the best interests of the estate and all creditors and parties-in-interest; and good cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED in its entirety;

2. The Parties are authorized and approved to enter into the Settlement Agreement and to take any and all steps as may be reasonably necessary to effectuate that settlement in accordance with its terms and conditions;

3. Payments made pursuant to the Settlement Agreement shall be allocated as follows: 90% ($472,500) of the Payments shall be allocated to the settlement of the claims brought under 11 U.S.C. § 523 and otherwise (excepting and excluding therefrom the claims brought pursuant to 11 U.S.C. § 727), and 10% ($52,500) shall be allocated to the settlement of the claims brought pursuant to 11 U.S.C. § 727. The 10% allocation to the 11 U.S.C. § 727 claims shall be paid to the Trustee for the benefit of the Debtors' bankruptcy estate from the Initial Payment.

4. Upon receipt by the FDIC-R of any distribution of funds by the Trustee from the Debtors' chapter 7 bankruptcy estate, the FDIC-R will apply any such funds received to reduce the Balloon Payment owing to the FDIC-R under the Settlement Agreement.

5. The FDIC-R's Lien on the Debtors' Residence will remain in full force and effect

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meaning as set forth in the Settlement Agreement.

1  and will survive any discharge that Debtors may receive in the Bankruptcy Case pursuant to 11
2  U.S.C. § 727; *provided*, *however*, that the Lien shall only secure any amounts remaining unpaid
3  pursuant to the Settlement Agreement and no other amounts.

4      6.      In the event of the Debtors' default on the Payments due under the Settlement
5  Agreement, the FDIC-R may enforce the Lien in accordance with applicable law and may collect
6  all sums owing under the Agreement to the extent available through enforcement of the Lien
7  notwithstanding any discharge pursuant to 11 U.S.C. § 727 in the Bankruptcy Case or any other
8  bankruptcy proceeding or injunction pursuant to 11 U.S.C. § 524 or otherwise.  The FDIC-R is
9  hereby granted relief from the automatic stay under 11 U.S.C. § 362 to enforce the Lien if the
10 Bankruptcy Case is still pending at the time of any default by the Debtors.

11     7.      The Debtors shall not object to the enforcement of the Lien, nor are they permitted
12 to file any motion to set aside the Lien or otherwise seek to invalidate the Lien or reduce the
13 amount of the Lien under any applicable provision of the Bankruptcy Code or other applicable
14 law, including but not limited to, 11 U.S.C. § 522(f) or any lien stripping or other law or provision.

15     8.      After receiving any settlement funds and distribution on its Proof of Claim from the
16 Debtors' bankruptcy estate, the FDIC-R shall have a remaining claim against the Debtors in the
17 amount of any unpaid sums under the Settlement Agreement secured by the Debtors' Residence
18 and such claim is not subject to avoidance, reduction, or challenge under any law, and any claims
19 against the FDIC-R under any such provision are waived and released by the Debtors including,
20 but not limited to, any cause of action or claim (i) under sections 542, 544, 545, 547, 548, 549, or
21 553 of the Bankruptcy Code and/or applicable state law to avoid or recover any alleged transfer to
22 or seek turnover from the FDIC-R, (ii) under section 550 of the Bankruptcy Code to recover any
23 such alleged transfer, (iii) under section 510(c) of the Bankruptcy Code to subordinate the allowed
24 claim, (iv) under section 502(d) of the Bankruptcy Code to disallow the allowed claim based upon
25 any alleged avoidable transfer so released, or (v) under section 502(j) for reconsideration of the
26 allowed claim.  The Debtors will claim no exemption in any proceeds from the sale of the
27 Residence in enforcement of the Lien as provided herein pursuant to Nevada law or any other
28

LARSON & ZIRZOW, LLC
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

1  statutory authority and have expressly waived their rights with respect thereto by seeking entry of
2  this Order.

3      9.    Notwithstanding anything herein to the contrary, however, nothing herein is
4  intended or should be construed as a release of the FDIC-R's Proof of Claim as against the
5  Tarkanians' bankruptcy estate and any distribution or right to distribution the FDIC-R may
6  receive, if any, from the bankruptcy estate on account of its Proof of Claim.

7      10.    All claims that are or could have been pled in the Adversary Case shall be and
8  hereby are DISMISSED WITH PREJUDICE pursuant to the terms and conditions of the
9  Settlement Agreement, with each side to bear their own attorneys' fees and costs therein and in the
10 Debtor's Bankruptcy Case;

11     11.    The Debtors shall cause to be paid to the FDIC-R the sum of $300,000.00 as and for
12 the Initial Payment, and, upon confirmation of receipt of the same in readily available funds and
13 within 20 days of entry of this Order, the FDIC-R shall, in turn, consistent with Paragraph 3 of the
14 Settlement Agreement, deliver $52,500.00 of those funds as soon as reasonably practicable to the
15 Chapter 7 Trustee for the benefit of the estate and the allocation to the dismissal of the causes of
16 action pursuant to 11 U.S.C. § 727;

17     12.    After the FDIC-R receives the $300,000.00 Initial Payment and pays from those
18 monies the $52,500.00 allocated to the dismissal of the claims per 11 U.S.C. § 727 pursuant to
19 Paragraph 10 of this Order, the Debtors are entitled to submit an *ex parte* application and a
20 proposed form of order for entry of their discharge; *provided*, *however*, that they shall obtain
21 signatures of approval for such a discharge order from counsel to the FDIC-R and the Trustee on
22 such a proposed form of order prior to its submission, which approval shall not be unreasonably
23 withheld unless there is a default under the Settlement Agreement;

24     13.    The failure to include any terms or conditions of the Settlement Agreement in this
25 Order shall not alter or diminish their effectiveness, and all such terms and conditions are
26 incorporated herein by reference; and

27     14.    The Court reserves jurisdiction regarding the interpretation and implementation of
28

LARSON & ZIRZOW, LLC
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

this Order and the Settlement Agreement.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:              APPROVED / ~~DISAPPROVED~~:

By:    /s/ Matthew C. Zirzow                By:    /s/ Janice Mock
LARSON & ZIRZOW, LLC                        NOSSAMAN LLP
ZACHARIAH LARSON, ESQ                       JANICE MOCK, ESQ. (*Pro Hac Vice*)
Nevada Bar No. 7787                         E-mail:  jmock@nossaman.com
MATTHEW C. ZIRZOW, ESQ.                     ALLAN H. ICKOWITZ, ESQ. (*Pro Hac Vice*)
Nevada Bar No. 7222                         E-mail:  aickowitz@nossaman.com
810 S. Casino Center Blvd. #101             JILL N. JAFFE, ESQ. (*Pro Hac Vice*)
Las Vegas, Nevada 89101                     E-mail:  jjaffe@nossman.com
                                            50 California Street, 34th Floor
Attorneys for Defendants                    San Francisco, California  94111

                                            SYLVESTER & POLEDNAK, LTD.
                                            ALLYSON R. NOTO, ESQ.
                                            Nevada Bar No. 8286
                                            E-mail:  allyson@sylvesterpolednak.com
                                            1731 Village Center Circle
                                            Las Vegas, Nevada  89134

                                            Attorneys for the Federal Deposit Insurance
                                            Corporation, as Receiver for La Jolla Bank, FSB

APPROVED / ~~DISAPPROVED~~:

By:    /s/ Jason A. Imes
SCHWARTZER & MCPHERSON LAW FIRM
LENARD E. SCHWARTZER, ESQ.
Nevada Bar No. 0399
JASON A. IMES, ESQ.
Nevada Bar No. 7030
2850 S. Jones Blvd., Suite 1
Las Vegas, Nevada 89146
E-Mail:  bkfilings@s-mlaw.com

Attorneys for William A. Leonard, Jr., Trustee

**LARSON & ZIRZOW, LLC**
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170   Fax: (702) 382-1169

5
Order Granting Motion to Approve Settlement Agreement - FINAL v 4

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Jason Imes, Esq./Counsel to Trustee:        Approved

Jan Mock, Esq./Counsel to the FDIC-R:    Approved

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

LARSON & ZIRZOW, LLC
810 South Casino Center Blvd. #101
Las Vegas, Nevada 89101
Tel: (702) 382-1170    Fax: (702) 382-1169

Order Granting Motion to Approve Settlement Agreement - FINAL v 4